UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 15-CR-201-pp

BRODERICK A. MOORE,

        Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL (DKT. NO. 169)**

---

On May 24, 2016, the grand jury returned a third superseding indictment charging Broderick A. Moore with one count of motor vehicle robbery and one count of using, carrying, and brandishing a firearm during the commission of the motor vehicle robbery. Dkt. No. 59 at 1-2. After a four-day trial in July 2017, the jury found the defendant guilty on both counts. Dkt. No. 148.

Several weeks later, on August 9, 2017, the defendant filed a motion for acquittal. Dkt. No. 169. In support of this motion, the defendant argues that

> [r]elying on the evidence presented at trial, including the testimony of the Government's witnesses, the defendant's alibi witnesses, the defendant's testimony, the stipulations and all of the admitted exhibits, there was insufficient evidence for the jury to find all of the essential elements of the crimes alleged in Counts One and Two beyond a reasonable doubt.

Id. at 2. The government responded on August 16, 2017, recounting both the testimonial and the physical evidence admitted during trial. Dkt. No. 173.

1

Federal Rule of Criminal Procedure 29(c) allows the defendant to move for a judgment of acquittal within fourteen days after the jury enters a guilty verdict.[1] "The district court properly grants such a motion when the 'evidence is insufficient to sustain a conviction.'" United States v. Jones, 713 F.3d 336, 339 (7th Cir. 2013). When a court examines the sufficiency of the evidence, it asks "'whether, after viewing the evidence in the light most favorable to the government *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. at 340 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1973) (emphasis in original)). "Our inquiry is whether a reasonable jury considering the evidence in the light most favorable to the government could have found each element of the offense beyond a reasonable doubt." Id.

The defendant asserts that the evidence presented at trial cannot support his conviction, but did not identify any specific shortcomings in the evidence. The government responds by chronicling the evidence presented at trial in detail. Dkt. No. 173, at 2-5. That recitation makes clear that a rational trier of fact could have found the elements of both the vehicle robbery charge and the gun charge beyond a reasonable doubt. Both the victim and witness Sean Harvey testified that the defendant stole the victim's car at gunpoint. The

---

[1] At sentencing, the court set an alternative post-trial briefing scheduling, ordering any party wishing to file such a motion to do so by the end of the day on Wednesday, August 2, 2017. Dkt. No. 151. The defendant filed his motion for acquittal on August 9, 2017—a week after that deadline. The government, however, did not argue that the motion was untimely. Accordingly, the court considers the motion.

victim also testified that the defendant demanded that she turn over her keys or face injury.

The court **DENIES** the defendant's motion for judgment of acquittal. Dkt. No. 169.

Dated in Milwaukee, Wisconsin this 26th day of September, 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**